UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-20039-Civ-UNGARO/OTAZO-REYES

PINES NURSING HOME (77), INC., a Florida
corporation d/b/a PINES NURSING HOME,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

REHABCARE GROUP, INC., et al.,

    Defendants.
_____/

**ORDER ON DEFENDANTS' AMENDED MOTION TO COMPEL [D.E. 51]**

THIS CAUSE came before the Court upon Defendants RehabCare Group, Inc. and Cannon & Associates, LLC d/b/a Polaris Group ("Defendants") Amended Motion to Compel Production of Documents and Answers to Interrogatories ("Amended Motion to Compel") [DE 51]. This matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Judge, pursuant to Title 28, United States Code, Section 636. The discovery requests at issue in the Amended Motion to Compel are Defendants' Interrogatory No. 7 and Requests for Production Nos. 27 and 28. Defendants have withdrawn the portion of their Amended Motion directed at Request for Production No. 29. For the reasons stated below, the Court grants in part and denies in part the Amended Motion to Compel.

**Interrogatory No. 7:**

In this interrogatory, Defendants ask Plaintiff Pines Nursing Home (77), Inc. ("Pines") to identify all of the seminars, conventions, conferences, meetings and/or presentations related to nursing homes that Pines employees have attended since January 1, 2010 and provide the date of

the event and the names of the employees who attended it. This interrogatory appears designed to discover instances when Pines employees might have provided a facsimile number to some entity or person from which fact Defendants would predicate a defense of consent to the junk fax claims asserted by Pines. The Court finds that this request is based on speculation and that the burden that responding to it would impose on Pines outweighs its likely benefit. Therefore, the Amended Motion to Compel is denied as to Interrogatory No. 7.

**Request for Production No. 27**

In this request, Defendants seek production of Pines' engagement agreement with its counsel. The Court deems this request to be limited to the engagement agreement (or agreements) related to this case. Contrary to Pines' contention, an engagement agreement is not protected by the attorney/client or work product privileges. Indeed, Pines' corporate representative already disclosed portions of Pines' engagement agreement (or agreements) at his deposition. Moreover, the Court finds no merit in Pines pro hac vice counsel's argument that disclosing the agreement would violate their ethical duties under California law. Accordingly, the Amended Motion to Compel is granted as to Request for Production No. 27. **On or before Friday, April 18, 2014**, Pines shall produce the engagement agreement (or agreements) pertaining to this case only.

**Request for Production No. 28**

In this request, Defendants seek production of any and all of Pines' engagement agreements, concerning not only this action, but other actions as well, including Case No. 13-23924 brought by Pines in this jurisdiction. The Court finds this request to be overbroad and not relevant to the issues in this case. Therefore, the Amended Motion to Compel is denied as to Request for Production No. 28.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Amended Motion to Compel [D.E. 51] is GRANTED IN PART as to Request for Production No. 27 and is otherwise DENIED.

DONE AND ORDERED in Miami, Florida, this 17th day of April 2014.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   U.S. District Judge Ursula Ungaro
      Counsel of Record