UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-20039-Civ-UNGARO/OTAZO-REYES

PINES NURSING HOME (77), INC.,

   Plaintiff,

v.

REHABCARE GROUP, INC., et al.,

   Defendants.
_____/

## ORDER GRANTING FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This cause came before the Court upon the Stipulation for Final Judgment of Dismissal With Prejudice (the "Stipulation") filed by Plaintiff Pines Nursing Home (77), Inc. ("Pines") and Defendants Cannon & Associates, LLC d/b/a Polaris Group ("Polaris Group") and RehabCare Group, Inc. ("RehabCare") (collectively, "Defendants") (all collectively, the "Parties"), and the Court, having reviewed the Stipulation, being advised that the Parties are in agreement, and being otherwise duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

   1.   The Final Judgment of Dismissal with Prejudice is GRANTED.

   2.   In exchange for Polaris Group's payment to Pines in the amount of Forty-Nine Thousand Nine Hundred Dollars and 00/100 Dollars ($49,900.00), inclusive of costs, and the entry of the permanent injunction set forth in paragraph 3 below, all of Pines' claims in this action against Defendants are dismissed, with prejudice. With regard to Pines' claims against RehabCare, each party shall bear its own costs.

3. Polaris Group, its employees, agents, representatives, contractors, affiliates, and all other persons and entities acting in concert with Polaris Group shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, any facsimile "Advertisement" to Pines whatsoever. As used herein, the term "Advertisement" shall be defined as having the same meaning as provided in 47 U.S.C. § 227, subsection (a)(5), which states in part: "any material advertising the commercial availability or quantity of any property, goods, or services..."

4. Automatically and immediately upon the satisfaction of the payment obligations of paragraph 2 above, Pines and all of its present, former, and future direct and indirect parent companies, affiliates, subsidiaries, successors, and predecessors-in-interest, and all of the aforementioned's respective present, former, and future officers, directors, employees, shareholders, and assigns, by operation of this Order, shall have and have remised, released, and forever discharged any and all claims, demands, and causes of action, whether currently known or unknown, arising from or relating in any way to the transmission of faxes by Polaris Group to Pines during the time period set forth in Pines' Complaint. Such release shall not affect or impair the obligations of the Parties under the Injunction proposed in paragraph 3.

5. This Final Judgment of Dismissal with Prejudice is not to be construed as an admission that any of the Defendants are liable in this action or that Pines has suffered any damages and it shall have no effect whatsoever except in resolution of this action.

6. The Court reserves jurisdiction/authority to enforce any terms of the Stipulation.

DONE AND ORDERED in chambers at Miami, Florida this 6 day of Aug. 2014.

HON. URSULA UNGARO
DISTRICT COURT JUDGE

cc: All Counsel of Record